Filed 7/31/13  P. v. Stanphill CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070449 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F04300) |
| v. | |
| BRENTON CLAY STANPHILL, | |
| Defendant and Appellant. | |

Defendant Brenton Clay Stanphill was convicted of evading a peace officer with willful and wanton disregard for the safety of others and property (Veh. Code, § 2800.2, subd. (a)), and driving without a valid driver's license (Veh. Code, § 12500, subd. (a)). He was sentenced to three years in state prison.

On appeal, defendant contends his commitment to state prison was error for any one of three reasons:  (1) the trial court violated the terms of defendant's plea agreement by refusing to consider committing defendant to county jail rather than state prison, (2) the trial court erred in committing defendant to state prison rather than county jail; and/or

(3) defendant received ineffective assistance of counsel during plea negotiations. We affirm the judgment.

## FACTS AND PROCEEDINGS

In May 2011, defendant was arrested and later charged with evading peace officers with willful and wanton disregard for the safety of others and property (Veh. Code, § 2800.2) and driving without a valid driver's license (Veh. Code, § 12500).

In November 2011, defendant entered into a negotiated plea pursuant to which he agreed to plead no contest to both charges in exchange for a three-year "lid" on his sentence.

On February 22, 2012, defendant appeared before the trial court for judgment and sentencing. At that time, the trial court told defendant he would not be serving his sentence in county jail. The trial court told defendant that the crime of felony evading a peace officer was "exempt from [Penal Code section] 1170(h) sentencing," which requires committing certain felons to county jail to serve their sentence. Defendant's counsel said her understanding of the law was that, because defendant was not a registered sex offender and had no prior strike convictions, he would serve his sentence in county jail. The court disagreed and sentenced defendant to the three years in state prison.

Defendant appeals.

## DISCUSSION

Defendant contends the trial court misunderstood the law with regard to Penal Code section 1170, subdivision (h). Specifically, he argues he should have been committed to county jail to serve his three-year-sentence, not state prison. There was no error.

Penal Code section 1170, subdivision (h)(3) enumerates certain exemptions from the 2011 Realignment Legislation (hereafter the Realignment). (Stats. 2011, ch. 15, § 2.)

2

Nonetheless, Vehicle Code section 2800.2 continues to specify that a person convicted of a felony violation of that section shall be punished by imprisonment in the state prison. Defendant cites no authority for the proposition that Penal Code section 1170, subdivision (h)(3) supersedes the express language in Vehicle Code section 2800.2.

Defendant argues he is punishable pursuant to Penal Code section 1170, subdivision (h) because Vehicle Code section 2800.2 does not provide for a term of punishment. On the contrary, Penal Code section 1170, subdivision (h) is not invoked simply because a *term* of imprisonment is not provided for in the underlying offense. Rather, Penal Code section 1170, subdivision (h) provides the default term of imprisonment in county jail for those crimes that are "punishable pursuant to" that section.

Thus, the relevant inquiry is not whether the term of imprisonment is provided for in the underlying offense, but whether the underlying offense is punishable pursuant to Penal Code section 1170, subdivision (h). As we shall explain, the underlying offense here, a felony violation of Vehicle Code section 2800.2, is punishable pursuant to Section 2800.2, not Penal Code section 1170, subdivision (h).

Vehicle Code section 2800.2 provides that a "violation of Section 2800.2 . . . shall be punished by imprisonment in state prison, or by confinement in the county jail for not less than six months nor more than one year," and/ or a fine. Because a violation of section 2800.2 can be punished as either a felony or a misdemeanor, it is referred to as a "wobbler" offense. (*People v. Municipal Court (Kong)* (1981) 122 Cal.App.3d 176, 179, fn. 3 [wobblers are "those offenses punishable either as felonies or misdemeanors, in the discretion of the court"].)

Prior to the Realignment, the penalty for a felony violation of section 2800.2 was the same as the penalty for other felony violations of the Vehicle Code provided for in Vehicle Code section 42000: "Unless a different penalty is expressly provided by this code, every person convicted of a felony for a violation of any provision of this code

3

shall be punished by a fine . . ., or by imprisonment in state prison or by both such fine and imprisonment." (Former Veh. Code, § 42000.)

Because neither Vehicle Code section 2800.2 nor 42000 provided a term of imprisonment prior to the Realignment, the term of imprisonment for violating Section 2800.2 was found in Penal Code section 18: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years . . . ." (Former Pen. Code, § 18.)

Vehicle Code section 42000 was then amended as part of the Realignment: "Unless a different penalty is expressly provided by this code, every person convicted of a felony for a violation of any provision of this code shall be punished by a fine . . ., or by *imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code,* or by both such fine and imprisonment." (Italics added.)

Penal Code section 1170, subdivision (h) now provides in relevant part that "a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by *a term of imprisonment in a county jail* for 16 months, or two or three years." (Italics added.) Accordingly, after the Realignment, unless a different penalty is provided in the Vehicle Code, felony violations of the Vehicle Code are punished by imprisonment in county jail or a fine, or both. (Veh. Code, § 42000.)

Vehicle Code section 2800.2 was not amended as part of the Realignment. Unlike the amended Vehicle Code section 42000, section 2800.2 does not permit a felony violation of that section to be punished by imprisonment in county jail; section 2800.2 requires imprisonment in state prison. (See Veh. Code, § 2800.2) Section 42000 thus no longer applies to felony violations of section 2800.2, though it continues to be applicable to other sections of the Vehicle Code that simply declare a violation to be a felony,

4

without specifying state prison (e.g., Veh. Code, §§ 38318, subd, (b), & 38318.5, subd. (b)).

Because Vehicle Code section 2800.2 was not amended as part of the Realignment, a felony violation of section 2800.2 is not a felony "punishable pursuant to" Penal Code section 1170, subdivision (h). Defendant's offense was punishable pursuant to Vehicle Code section 2800.2, which provides he serve his term of imprisonment in state prison; that term is now provided in Penal Code section 18, subdivision (a).

B. *The terms of the plea agreement.*

Defendant further contends that, by not considering county jail, the trial court violated defendant's due process rights and invalidated the terms of the plea agreement. This contention is not supported by the record.

When the trial court took defendant's plea, the court asked the defendant, "do you understand that you are going to be sentenced to state prison as a result of this plea?" Defendant expressed confusion, not about where he would be serving his sentence, but about whether he was even going to take the plea.

After an off-the-record discussion, the court again advised defendant: "So you understand, [defendant], that you could face up to three years in state prison as a result of these pleas?" Defendant responded: "Yes, ma'am."

While taking defendant's plea, the trial court also asked defendant, "[h]ave any promises been made causing you to enter this plea that have not been mentioned here today in open court?" Defendant said, "[n]o." Counsel for defendant also indicated they were taking the plea but, at sentencing, would ask the trial court to impose the low term.

Additionally, the minutes from the plea hearing indicate defendant pleaded no contest to the charges in exchange for a sentencing lid of three years in "state prison," preserving his right to argue for "less time" at sentencing. The People also agreed to withdraw their request to file an amended information. The record is thus replete with

evidence that defendant knew he would be serving his term in state prison, not county jail, and no mention was made of defendant serving his term in county jail.

Indeed, the only indication that county jail was considered occurred at sentencing. Initially, in response to the trial court's inquiry, defendant's counsel said she knew defendant would not be serving his sentence in county jail. Later, in that same hearing, after defendant said he wanted drug counseling, not prison, counsel said "I thought he was eligible from 109 sentencing under [Penal Code section] 1170(h) in that he doesn't have any prior strikes or 290 offenses so that he would be doing his time in county jail." The court advised counsel that Vehicle Code section 2800.2 was "exempt from 1170(h) sentencing." In other words, county jail was not an option.

Counsel then suggested "a creative way" to sentence defendant to allow him to serve his time in county jail so that he could participate in a drug program. The court refused her suggestion. Accordingly, the overwhelming evidence is that defendant's plea was not premised on the court considering county jail.

C. *Defendant has failed to establish he received ineffective assistance of counsel.*

Defendant also claims he received ineffective assistance of counsel because, he contends, trial "counsel's advice with regard to the plea was fundamentally wrong." To support his claim, defendant points to counsel's statement at sentencing that she believed defendant could have served his sentence in county jail under the Realignment. Defendant's claim fails.

When a defendant contends that ineffective assistance of counsel induced his guilty plea, he must "establish not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, [he] . . . would have insisted on proceeding to trial." (*In re Alvernaz* (1992) 2 Cal.4th 924, 934.) "A defendant's statement to that effect is not sufficient. Rather, there must be some objective showing." (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1140.)

6

On this record, defendant cannot establish a reasonable probability that he would have insisted on going to trial had he known county jail was not an option for serving his sentence.

First, defendant's counsel told the court she "thought" county jail was an option, but there is nothing in the record on appeal that she advised defendant to take the plea *because* county jail was an option. In fact, at the time the trial court took the plea, defendant and counsel acknowledged he would serve his sentence in state prison.

Second, when defense counsel indicated she "thought" county jail was an option for sentencing and the trial court corrected her--defendant made no motion to withdraw his plea. (Pen. Code, § 1018 ["On application of the defendant at any time before judgment . . ., the court may, . . . for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted"].) If counsel had advised defendant that county jail was an option, and if defendant relied on that advice in entering into the plea, presumably he would have moved to withdraw the plea once he realized county jail was *not* an option.

Accordingly, we find defendant has failed to establish he was prejudiced by any error defense counsel may have made in understanding the new sentencing laws after the Realignment.

## DISPOSITION

The judgment is affirmed

                                                          HULL              , Acting P. J.

We concur:


      MAURO          , J.


      HOCH           , J.